UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT B., | |
| Plaintiff, | Case No. C21-5772-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by: (1) failing to find Plaintiff's mental, spinal, or knee disorders severe at step two; and (2) failing to include mental limitations in the residual functional capacity ("RFC") analysis. (Dkt. # 13 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1971, has a high school education, and has worked as a customer service representative and phone solicitor. AR at 26, 168, 182. Plaintiff was last gainfully employed in 2011. *Id.* at 362.

ORDER - 1

On August 30, 2017, Plaintiff applied for benefits, alleging disability as of July 7, 2011, due to epilepsy/seizure disorder; lower back, neck, shoulder, hip, and knee impairments; and depression and anxiety. AR at 19, 168-69. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 19.

After the ALJ conducted a hearing on April 27, 2020, the ALJ issued a decision finding that Plaintiff was not disabled. AR at 19-37. Utilizing the five-step disability evaluation process,[1] the ALJ found:

> Step one: Plaintiff has not engaged in substantial gainful activity since August 30, 2017, the application date.
>
> Step two: Plaintiff has the following severe impairments: pseudoseizures; right shoulder degenerative joint disease; and left shoulder tendinopathy and bursitis.
>
> Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> Residual Functional Capacity: Plaintiff can perform light work, except he can only occasionally climb ladders, ropes, and scaffolds; can only occasionally crawl; can have occasional exposure to vibration, extreme cold temperatures, and hazards; no commercial driving; and can occasionally reach overhead bilaterally.
>
> Step four: Plaintiff can perform past relevant work as a customer service representative and telephone solicitor, and thus is not disabled.[3]

AR at 22-36.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Pt. 404, Subpt. P, App. 1.
[3] Because the ALJ found Plaintiff disabled at step four, the ALJ did not reach step five.

ORDER - 2

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A. The ALJ Did Not Harmfully Err in Identifying Plaintiff's Severe Medically Determinable Impairments at Step Two**

*1. Any error is harmless at step two because the ALJ proceeded to later steps*

Plaintiff argues that the ALJ erred in failing to find that Plaintiff's depressive disorder, anxiety disorder, cervical, lumbar, and thoracic spine degenerative disease, and bilateral knee

ORDER - 3

disorder were severe impairments at step two. (Dkt. # 13 at 2.) He further contends that the RFC was not supported by substantial evidence due to the ALJ's failure at step two. (*Id.* at 3.)

An ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). "The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (emphasis in original).

Here, the ALJ's finding that some of Plaintiff's impairments were non-severe is, at most, harmless error at step two because the ALJ found Plaintiff to have some severe impairments and continued on to later steps. *See* AR at 22. Because the ALJ found in Plaintiff's favor at step two, he "could not possibly have been prejudiced" at that step. *See Buck*, 869 F.3d at 1049.

     2.  *Plaintiff fails to show any step two error was harmful in the RFC formulation*

Plaintiff contends that the ALJ's error at step two was harmful because the ALJ failed to incorporate limitations related to his mental, spine, and knee impairments into the RFC. Plaintiff cites his testimony and the opinions of his physical therapist Boris Gladun, MPT,[4] and State agency psychological consultant Michael L. Brown, Ph.D. (Dkt. # 13 at 5-7.) The ALJ rejected each of these pieces of evidence of functional limitations. AR at 27, 32, 35.

---

[4] The ALJ appears to have switched the citations for Mr. Gladun's opinion and an opinion by Nicholas Zendler, DO. *See* AR at 32 (citing Ex. C7F/7-8), 33 (citing Ex. C7F/2-4). Because the ALJ's reasons for rejecting both opinions were largely identical, the typographical error does not change the Court's analysis.

ORDER - 4

An ALJ can discount a claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). An ALJ must articulate and explain the persuasiveness of a medical opinion or prior administrative finding based on "supportability" and "consistency," the two most important factors in the evaluation. 20 C.F.R. § 404.1520c(a), (b).

Here, the ALJ rejected Plaintiff's testimony of significant mental limitations because he testified at his hearing that he did not seek mental health treatment and did not believe his mental health was a "major issue." AR at 23, 126-27. Moreover, Plaintiff testified that, when prescribed medication for mental health, he stopped taking it due to illness and did not seek to change medications. *Id.* at 23, 127. The ALJ discounted Dr. Brown's opinions of moderate limitations in interacting with others, concentrating, persisting, and adapting as inconsistent with normal mental status examinations, lack of treatment, Plaintiff's activities, and Plaintiff's admission that his mental conditions were not significant. *Id.* at 35.

In considering Plaintiff's physical limitations, the ALJ discounted Plaintiff's statements concerning the intensity, persistence and limiting effect of his symptoms because they were not entirely consistent with the medical evidence and other evidence in the record. AR at 27. The ALJ discounted Mr. Gladun's opinion that Plaintiff could not perform even sedentary work as inconsistent with the longitudinal medical evidence. *Id.* at 32.

In his briefing, Plaintiff does not identify any error in the ALJ's reasons for discounting his testimony or Mr. Gladun's or Dr. Brown's opinions, thus waiving any argument. A reviewing court "cannot manufacture arguments for an appellant and therefore [a court] will not consider any claims that were not actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d

ORDER - 5

971, 977 (9th Cir. 1994). "Rather, [the court] 'review[s] only issues which are argued specifically and distinctly in a party's opening brief.'" *Id.*; *see also Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue).

An ALJ need only include in the RFC limitations supported by substantial evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). Because Plaintiff fails to show any error in the ALJ's rejection of limitations found in his testimony and Mr. Gladun's and Dr. Brown's opinions, Plaintiff cannot show the ALJ erred by failing to incorporate those limitations into the RFC.

### B. Plaintiff Fails to Show the ALJ Erred by Excluding Mental Limitations from the RFC

Plaintiff contends that the ALJ's RFC is not supported by substantial evidence because the ALJ failed to include any mental limitations despite finding, at step two, that Plaintiff suffered at least mild mental limitations. (Dkt. # 13 at 9-11.) Plaintiff contends that the RFC determination should have incorporated the "paragraph B" mental function analysis that the ALJ performed at step two, and that this error is harmful because it affected the ALJ's analysis at step four. (*Id.* at 10-11.)

Step two findings and an ALJ's RFC assessment do not address the same aspects of the disability evaluation. At step two, the ALJ considers whether a claimant's medically determinable impairments cross the threshold to be considered severe, while the RFC reflects the most a claimant can do despite the limitations caused by his impairments. *See* SSR 96-8p, 1996 WL 374184, at *4 ("The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The

ORDER - 6

mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment[.]"); 20 C.F.R. § 416.945(a)(1) (RFC "is the most you can still do despite your limitations"). Plaintiff's argument fails because "paragraph B" findings do not correspond to an RFC determination.

Moreover, the ALJ found at step two that Plaintiff suffered from, at most, mild mental limitations and that "the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities[.]" AR at 24. The ALJ utilized the "paragraph B" criteria to find Plaintiff's mental impairments non-severe, meaning they did "not significantly limit [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.922(a). Accordingly, the ALJ did not find any limitations that needed to be incorporated into the RFC. Furthermore, the ALJ stated that he explicitly considered the "paragraph B" criteria in formulating Plaintiff's RFC. *See* AR at 24 ("The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental functional analysis.").

Plaintiff fails to show that the ALJ's "paragraph B" findings necessitated including any mental limitations in the RFC. In the absence of any error in formulating the RFC, Plaintiff's argument of harmful error at step four fails. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) (rejecting step-five error claim that "simply restates [plaintiff's] argument that the ALJ's RFC finding did not account for all her limitations").

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

//

ORDER - 7

Dated this 30th day of June, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8